UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Case No.:
JEANNETTE HARRISON,

                                        Plaintiff,                **COMPLAINT**

                           -against-

FC CONTRACTING, LLC, DONNA "DOE,"        **PLAINTIFF DEMANDS**
*Individually*, and DAN "DOE," *Individually*,       **A TRIAL BY JURY**

                                        Defendants.
-----------------------------------------------------------------X

Plaintiff, JEANNETTE HARRISON, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), and the <u>New York State Human Rights Law</u>, New York State Executive Law §290, *et. seq.* ("NYSHRL"), and seeks damages to redress the injuries she has suffered as a result of being **<u>Sexually Harassed</u>**, **<u>Discriminated Against on the basis of Gender/Sex</u>** and subsequently **<u>Retaliated Against</u>** by her employer.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon Defendants'

principle place of business within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated December 8, 2017, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff JEANNETTE HARRISON ("HARRISON") was a resident of the State of New York and the County of Queens.

9. That at all times relevant hereto, Defendant FC CONTRACTING, LLC ("FCC") was and is a foreign limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of Ohio, with its principal place of business located at 4388 School Section Road, Cincinnati, Ohio 45211-2416.

10. That at all times relevant hereto, Defendant FCC manages and does business installing solar panels at a construction site located at 55 Edison Avenue, West Babylon, New York 11704 (the "West Babylon site").

11. That at all times relevant hereto, Plaintiff HARRISON was an employee of Defendant FCC.

12. That at all times relevant hereto, Defendant DONNA DOE ("DONNA") was an employee of Defendant FCC, holding the position of "Supervisor."

13. That at all times relevant hereto, Defendant DONNA was Plaintiff HARRISON's supervisor and had supervisory authority over Plaintiff HARRISON.

14. That at all times relevant hereto, Defendant DAN "DOE" ("DAN") was an employee of Defendant FCC, holding the position of "Supervisor."

15. That at all times relevant hereto, Defendant DAN was Plaintiff HARRISON's supervisor and had supervisory authority over Plaintiff HARRISON.

16. That at all times relevant hereto, Defendant FCC, Defendant DONNA, and Defendant DAN are collectively referred to herein as "Defendants."

## MATERIAL FACTS

17. In or about June 2017, Plaintiff HARRISON began her employment with Peopleready, Inc. ("Peopleready"). Peopleready is an employment agency that specializes in filling a wide variety of general labor jobs.

18. On or about June 5, 2017, Peopleready placed Plaintiff HARRISON with Defendants and she began working for Defendants as a "Solar Panel Technician," earning approximately $13.00 per hour.

19. Upon information and belief, Defendant FCC and Peopleready are "joint employers" and/or "integrated employers" of Plaintiff HARRISON, as Defendants had common management, shared financial control of all companies, shared centralized control of labor relations, and shared employees.

20. Throughout her tenure with Defendants, Plaintiff HARRISON was an exemplary employee, always received compliments for her work performance, and got along well with all of her co-workers.

21. However, throughout her tenure, Plaintiff HARRISON was also consistently and continuously **sexually harassed and discriminated against by her co-worker, Dwayne (last name unknown), solely due to Plaintiff HARRISON's gender (female)**, which

3

created an extremely hostile and intimidating work environment.

22. By way of example, in or about early-June 2017, while Defendant DONNA was training Plaintiff HARRISON, Dwayne came over to Plaintiff and overtly stared at Plaintiff's buttocks and in earshot of Defendant DONNA stated that he is looking at "that thing" behind Plaintiff, referring to Plaintiff's buttocks. This conduct by Dwayne, done in the presence of a supervisor, made Plaintiff feel extremely uncomfortable.

23. Plaintiff HARRISON immediately reported the incident to Defendant DAN and complained that she was being sexually harassed by Dwayne. Defendant DAN informed Plaintiff HARRISON if Dwayne persisted with that behavior to immediately report it to him.

24. On or about June 22, 2017, Plaintiff was at work at the West Babylon site obtaining her tools for the workday when Dwayne, in earshot of both Defendant DAN and Defendant DONNA, loudly shouted to Plaintiff, "If you can do a BJ and install 250 solar panels, you're the best." It was obvious to Plaintiff that Dwayne was referencing fellatio when he said "BJ."

25. Defendant DAN heard Dwayne's sexually harassing outburst and merely stated, "Why would you say something like that?"

26. Immediately following the June 22, 2017, incident Plaintiff HARRISON, feeling completely humiliated, stormed off the West Babylon site and wrote a statement complaining of Dwayne's sexually harassing behavior. Plaintiff submitted her statement to Peopleready.

27. On or about June 23, 2017, Plaintiff HARRISON reported to work and finished her workday without incident.

28. However, **on or about June 26, 2017, only four (4) days after she complained about**

4

**Dwayne's sexual harassment**, and without any warning, **Defendants suddenly terminated Plaintiff HARRISON's employment**.

29. Thus, it is rather apparent that **Defendants terminated Plaintiff HARRISON's employment solely in retaliation for complaining about Dwayne's constant sexual harassment**.

30. Plaintiff HARRISON was degraded and humiliated in the worst possible ways at the hands of her co-worker, Dwayne while Defendants DONNA and DAN failed to take corrective action.

31. Plaintiff HARRISON felt that any ordinary person in her shoes would have felt compelled to resign from her employment.

32. Plaintiff HARRISON was subjected to such a discriminatory, hostile and abusive work environment that no reasonable person in Plaintiff HARRISON's shoes should or could be expected to endure.

33. Plaintiff HARRISON felt offended, disturbed, and humiliated by the illegal sexual harassment and retaliation.

34. Defendants created a hostile working environment, which unreasonably interfered with Plaintiff HARRISON's work environment.

35. Plaintiff HARRISON was regularly exposed to a sexually offensive and hostile work environment by her co-worker Dwayne in front of her supervisors, Defendants DONNA and DAN.

36. Plaintiff HARRISON began to suffer severe anxiety and depression as a result of Defendants' sexual harassment and retaliation.

37. **Plaintiff HARRISON was treated differently (sexually harassed) solely due to her gender (female)**.

38. But for the fact that Plaintiff HARRISON is a female, Defendants would not have treated her differently (sexually harassed her).

39. **But for the fact that Plaintiff HARRISON complained about Dwayne's sexual harassment, Defendants would not have terminated her employment.**

40. Dwayne's actions were unsolicited, unwelcome and offensive.

41. Defendants' actions and conduct were intentional and intended to harm Plaintiff HARRISON.

42. The above are just some of the acts of sexual harassment, discrimination and retaliation that Plaintiff HARRISON experienced on a regular and continual basis while employed by Defendants.

43. Defendant FCC **had knowledge of and/or acquiesced in** the discrimination and sexual harassment by Dwayne, as Plaintiff HARRISON complained to Defendants, who rather than taking any action in response, instead turned around and terminated Plaintiff HARRISON's employment.

44. Plaintiff HARRISON's performance was, upon information and belief, above average during the course of her employment with Defendants.

45. Plaintiff HARRISON has been unlawfully discriminated against, sexually harassed, retaliated against, humiliated, degraded and belittled, and as a result, suffers loss of rights, emotional distress, loss of income, earnings and physical injury.

46. As a result of Defendants' actions, Plaintiff HARRISON feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

47. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff HARRISON, Plaintiff HARRISON has suffered severe emotional distress and physical ailments.

48. As a result of the acts and conduct complained of herein, Plaintiff HARRISON has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff HARRISON has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff HARRISON has further experienced severe emotional and physical distress.

49. As a result of the above, Plaintiff HARRISON has been damaged in an amount which exceeds the jurisdiction limits of the Court.

50. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff HARRISON demands Punitive Damages as against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. This claim is authorized and instituted pursuant to the provisions of <u>Title VII of the Civil Rights Act of 1964</u>, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (<u>sexual harassment</u>).

53. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender (<u>sexual harassment</u>).

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

55. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

56. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER NEW YORK STATE EXECUTIVE LAW

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. New York State Executive Law §296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, … to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

8

59. Defendants have engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her sex.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW

60. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

62. Defendant LI engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

### AS A FIFTH CAUSE OF ACTION FOR RETALIATION UNDER NEW YORK STATE EXECUTIVE LAW

63. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

65. Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

66. Plaintiff was retaliated against by Defendants for engaging in protected activity.

67. Plaintiff complained to Individual Defendants about the sexual harassment that she faced on a daily basis.

68. Following Plaintiff's complaints, plaintiff was terminated for raising concerns about sexual harassment, discrimination, a hostile work environment and differential treatment in the workplace.

69. Defendants had no valid business justification for the retaliatory and abusive actions taken against Plaintiff following her engagement in protected activity.

70. Defendants violated the sections cited herein as set forth.

## JURY DEMAND

71. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, and the New York State Executive Law §290, *et. seq.*, in that Defendants sexually harassed Plaintiff, discriminated against Plaintiff on the basis of her gender, and retaliated against Plaintiff for objecting to, and complaining about, Defendants' sexual harassment;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful sexual harassment, discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

10

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
       December 18, 2017

                                                                       PHILLIPS & ASSOCIATES,
                                                                       Attorneys At Law, PLLC

                               By:     /s/ J. Maldonado
                                                                       Jessenia Maldonado, Esq.
                                                                       *Attorneys for Plaintiff*
                                                                       45 Broadway, Suite 620
                                                                       New York, New York 10006
                                                                       (212) 248-7431
                                                                       jmaldonado@tpglaws.com

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jeannette Harrison<br>183-36 Elmira Avenue<br>Saint Albans, NY 11412 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

RECEIVED DEC 1 3 2017 BY: KG

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-03467 | Roxanne Zygmund, Investigator | (212) 336-3764 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_ (P3)
Kevin J. Berry,
District Director

DEC 08 2017
(Date Mailed)

Enclosures(s)

cc: Stephen Feist
FC CONTRACTING LLC
4388 School Section Road
Cincinnati, OH 45211

Jessenia Maldonado, Esq.
PHILLIPS & ASSOCIATES
45 Broadway, Suite 620
New York, NY 10006

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*